39 F.3d 1184
 33 U.S.P.Q.2d 1383
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
MUNSINGWEAR, INC. Plaintiff-Appellant,
v.
JOCKEY INTERNATIONAL, INC., Defendant-Appellee.
 No. 94-2109.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Nov. 3, 1994.
 
 Before BOWMAN, Circuit Judge, LAY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Munsingwear, Inc., brought this action against Jockey International, Inc., claiming trademark infringement and deceptive trade practices arising from Jockey's marketing a horizontal-fly version of men's underwear similar to its own. Munsingwear filed a motion for preliminary injunction and Jockey filed a motion for summary judgment based on a lack of customer confusion. The district court found "that no likelihood of confusion exists between the two products and no genuine issue of material fact exists that would allow a reasonable jury to conclude otherwise." On this basis the district court found that Munsingwear could not sustain a prima facie case of trademark or trade dress infringement. The district court further found that Munsingwear's motion for preliminary injunction should be denied.
 
 
 2
 Upon review of the record, we find no prejudicial error of law in the district court's opinion.[1] We affirm the judgment of the district court.
 
 
 3
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 The district court did err in applying an outdated version of Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a). This Act was amended in 1988. We find, however, the mistaken reference to the older version of the Act is not prejudicial error. Under the reasoning of the district court and the record submitted, there exists no material dispute of fact relating to possible confusion, mistake or deception as to "the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person...." 15 U.S.C. Sec. 1125(a) (Supp. V 1993)